IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00218-MR

| | |
|---|---|
| **RICKY RAY RICH JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **ERIK A. HOOKS, Secretary of** ) | |
| **Department of Public Safety,**[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1].

## I. BACKGROUND

Ricky Ray Rich Jr. (the "Petitioner") is a prisoner of the state of North Carolina who was convicted of statutory rape and indecent liberties with a child on August 24, 2012 in Haywood County Superior Court. The trial court sentenced the Petitioner to a term of 390 months' imprisonment. The

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates, and he has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

Petitioner appealed to the North Carolina Court of Appeals. On May 9, 2013, the North Carolina Court of Appeals affirmed the trial court's decision. The Petitioner did not file a Petitioner for Discretionary Review ("PDR") in the North Carolina Supreme Court.

On April 29, 2019, the Petitioner filed a habeas petition in the North Carolina Court of Appeals. On April 30, 2019, the North Carolina Court of Appeals denied his petition. On May 10, 2019, the Petitioner filed a habeas petition in the North Carolina Supreme Court. On May 14, 2019, the North Carolina Supreme Court denied his petition.

On July 3, 2019, the Petitioner filed the present habeas petition in this Court. In his petition, the Petitioner claims to have acquired "newly discovered evidence through due dilig[e]nce after study[ing] the indictment." [Doc. 1 at 13]. Specifically, the Petitioner claims that on or about March 1, 2019, he "was talking with fellow inmates" about his case about whether "the State had jurisdiction to try or even arrest Petitioner for said charges." [Doc. 1-1 at 12]. The Petitioner claims that he "and his fellow inmates got together with their [l]aw [b]ooks . . . and started reading and stud[y]ing and learned through [d]ue [d]iligence . . . that the state did not have jurisdiction to try Petitioner for said crimes." [Id.].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's direct appeal was denied on March 9, 2013. The Petitioner then had thirty-five days, until April 13, 2013, to file a PDR in the North Carolina Supreme Court. See N.C. R. App. P. 15(b)3 ("A petition for

review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Because the Petitioner did not file a PDR within those thirty-five days, he could not file a petition for writ of certiorari with the United States Supreme Court. Harb v. Keller, No. 1:09-cv-00766, 2010 WL 3853199, at *3 (M.D.N.C. Sept. 28, 2010) ("The United States Supreme Court has no jurisdiction to review, by way of certiorari, intermediate state appellate court rulings when, as here, the petitioner fails to seek available review in the highest court of the State.") (citations omitted). Accordingly, the Petitioner's conviction became final on April 13, 2013, when the time for seeking review of the Court of Appeals' decision expired. See § 2244(d)(1)(A). At that time AEDPA's one-year statute of limitations began to run, and it expired one year later on April 13, 2014.

The Petitioner did not file the present § 2254 Petition, however, until July 3, 2019. The Petition is therefore subject to being dismissed as untimely unless the Petitioner can demonstrate that the Petition is subject to statutory tolling under § 2244(d)(1)(B), (C) or (D), or that equitable tolling should

otherwise apply. The Petitioner asserts that this action has been timely filed under § 2244(d)(1)(D) because he has acquired "newly discovered evidence through due dilig[e]nce after study[ing] the indictment." [Doc. 1 at 13]. First, any information contained within the Petitioner's indictment does not, by its nature, constitute "newly discovered evidence." In any event, under § 2244(d)(1)(D), a claim of newly discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovery through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, "by its terms, § 2244(d)(1)(D) is triggered not when a petitioner actually learns of some pertinent information from newly-discovered evidence; rather, it commences when he '*could* have . . . discovered' it." Sawyer v. Kiser, No. 1:16-cv-00040 (GBL/TCB), 2017 WL 631574, at *4 (E.D. Va. Feb. 15, 2017). Here, whatever information the Petitioner gleaned from his indictment and his "law books" could have been discovered much earlier than 2019. In fact, the Petitioner does not present any new evidence that was not available to him or could not have been discovered through due diligence prior to 2019. Accordingly, the Court concludes that the Petitioner's habeas petition cannot be considered timely filed under § 2244(d)(1)(D).

Because § 2244(d)(1)(D) does not appear to apply, and the present petition was filed over a year after the Petitioner's judgment became final, the petition is subject to being dismissed as untimely unless the Petitioner can demonstrate that his habeas petition is subject to statutory tolling under § 2244(d)(1)(B) or (C), or that equitable tolling should otherwise apply.[2] The Petitioner, however, has not provided an explanation for the delay in filing his habeas petition and does not appear to assert that any of the other exceptions in § 2244(d)(1) apply to his habeas petition. Accordingly, the Court will provide the Petitioner 21 days to explain why his habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

Finally, the Court notes that the Petitioner's § 2254 Petition is not signed under penalty of perjury. Under Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts,, a habeas petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." The Petitioner is required to file a version of his Petition signed under penalty of perjury.

---

[2] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Failure of the Petitioner to comply with this requirement will result in the dismissal of this action without further notice.

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. The Petitioner's failure to comply with this Order will result in dismissal of the Petition without further notice.

(2) The Petitioner also shall, within 21 days of entry of this Order, file a signed copy of his Petition under penalty of perjury. The Petitioner's failure to file a signed version of his Petition will result in the dismissal of this Petition without further notice.

(3) The Clerk of Court is respectfully directed to substitute Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge