THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00218-MR

| | |
|---|---|
| **RICKY RAY RICH JR.,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> **ERIK A. HOOKS,** Secretary of ) <br> Department of Public Safety, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Response to the Court's October 5, 2020 Order. [Doc. 6].

Ricky Ray Rich Jr. (the "Petitioner") is a prisoner of the state of North Carolina who was convicted of statutory rape and indecent liberties with a child on August 24, 2012 in Haywood County Superior Court. [Doc. 1 at 1]. The Petitioner was sentenced a term of 390 months' imprisonment. [Id.].

The Petitioner appealed to the North Carolina Court of Appeals. [Id. at 2]. On May 9, 2013, the North Carolina Court of Appeals affirmed the trial court's decision. [Id.]. The Petitioner did not file a Petition for Discretionary Review ("PDR") in the North Carolina Supreme Court.

On April 29, 2019, the Petitioner filed a habeas petition in the North Carolina Court of Appeals. [Id. at 3]. On April 30, 2019, the North Carolina Court of Appeals denied his petition. [Id.]. On May 10, 2019, the Petitioner filed a habeas petition in the North Carolina Supreme Court. [Id. at 4]. On May 14, 2019, the North Carolina Supreme Court denied his petition. [Id.].

On July 3, 2019, the Petitioner filed the present habeas petition in this Court. [Doc. 1]. In his petition, the Petitioner claims to have acquired "newly discovered evidence through due dilig[e]nce after study[ing] the indictment." [Id. at 13]. Specifically, the Petitioner claims that on or about March 1, 2019, he "was talking with fellow inmates" about his case about whether "the State had jurisdiction to try or even arrest Petitioner for said charges." [Doc. 1-1 at 12]. The Petitioner claims that he "and his fellow inmates got together with their [l]aw [b]ooks . . . and started reading and stud[y]ing and learned through [d]ue [d]iligence . . . that the state did not have jurisdiction to try Petitioner for said crimes." [Id.].

On October 5, 2020, the Court entered an Order explaining that the Petitioner's habeas petition appeared to be untimely under § 2244(d)(1)(A) because the Petitioner failed to file his habeas petition within one year after the time for seeking a PDR expired. [Doc. 5 at 3-4]. The Order instructed the Petitioner to show cause why his Petition should not be dismissed as

2

untimely, including any reasons why statutory or equitable tolling might apply. [Id. at 4].

On October 19, 2020, the Petitioner filed the present Response to the Court's Order. [Doc. 6]. In his response, the Petitioner contends that he was unable to discover the grounds for his habeas petition until he read another inmate's legal material because he previously had no access to a legal library. [Id. at 1-2]. The Petitioner also claims that his appellate counsel gave ineffective assistance by failing to mention the possibility of filing a PDR. [Id. at 1].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

As the Court explained in its October 5, 2020 Order, the Petitioner's conviction became final on April 13, 2013, when the time for seeking review of the Court of Appeals' decision expired. See § 2244(d)(1)(A). At that time AEDPA's one-year statute of limitations began to run, and it expired one year later on April 13, 2014. The Petitioner did not file the present § 2254 Petition, however, until July 3, 2019. The Petition is therefore subject to being dismissed as untimely unless the Petitioner can demonstrate that the Petition is subject to statutory tolling under § 2244(d)(1)(B), (C) or (D), or that equitable tolling should otherwise apply.

### A. Newly Discovered Evidence

The Petitioner contends that the information stemming from his review of his indictment and another inmate's law book constitute newly discovered evidence under § 2244(d)(1)(D). As the Court noted in its October 5, 2020 Order, information contained within the Petitioner's indictment does not, by

its nature, constitute "newly discovered evidence." Nor does any information that the Petitioner may have gleaned from reading another inmate's law books. As such, the Petitioner presents no newly discovered evidence justifying statutory tolling under § 2244(d)(1)(D).

Even if the Petitioner had presented newly discovered evidence, § 2244(d)(1)(D) states that a claim based on such evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, "by its terms, § 2244(d)(1)(D) is triggered not when a petitioner actually learns of some pertinent information from newly discovered evidence; rather, it commences when he '*could* have . . . discovered' it." Sawyer v. Kiser, No. 1:16-cv-00040 (GBL/TCB), 2017 WL 631574, at *4 (E.D. Va. Feb. 15, 2017). The information that the Petitioner gleaned from his indictment and another inmate's "law books" could have been discovered much earlier than 2019 with the exercise of due diligence. The Petitioner provides no explanation for why it took roughly six years for him to review his indictment and relevant legal materials. Because the Petitioner fails to provide any new evidence

that could not have been previously discovered with the exercise of due diligence, § 2244(d)(1)(D) does not apply here.[1]

### B. Equitable Tolling

The Petitioner seems to assert that equitable tolling should apply here because he did not have access to a law library until 2019 and he is a layman with little understanding of the law. [Doc. 6 at 1-2].

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

The Petitioner asserts that he has been diligently pursuing his rights by "trying to read, study, and asking for help" since his conviction in 2012.

---

[1] The Petitioner does not seem to assert that § 2244(d)(1)(B) or (C) apply here.

[Doc. 6 at 1]. That falls short of demonstrating that the Petitioner has been diligently pursuing his rights. While the Petitioner may not have access to law libraries, he has access to North Carolina Prisoner Legal Services ("NCPLS"), which is staffed by persons trained in the law. The Petitioner presents no evidence to show that he utilized that resource or otherwise sought legal materials prior to 2019. Accordingly, the Petitioner has not demonstrated that he has diligently pursued his rights since 2013, when the one-year statute of limitations to file a § 2254 petition began to run.

The Petitioner has also failed to identify any "extraordinary" circumstance that prevented him from filing a timely § 2254 petition. "North Carolina's decision to utilize [NCPLS] in lieu of providing prison libraries at all of its correctional facilities is hardly an extraordinary circumstance unique to petitioner." Bryant v. Hines, No. 5:12–HC2061–F, 2013 WL 427101, at *5 (E.D.N.C. Feb. 4, 2013) (unpublished). Moreover, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Stated differently, it is not extraordinary for a prisoner to lack legal resources or be ignorant of the law. Because the Petitioner has failed to show that he has been diligently pursuing his rights or that some extraordinary

7

circumstance prevented him from timely filing this habeas petition, the Petitioner is not entitled to equitable tolling of the statute of limitations.

Because statutory and equitable tolling do not apply here, the Petitioner's habeas petition will be dismissed as untimely under § 2244(d)(1)(A).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: November 16, 2020

Martin Reidinger
Chief United States District Judge