# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00218-MR

| | |
|---|---|
| RICKY RAY RICH, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, Secretary of )<br>Department of Public Safety, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's "Motion Asking to Reconsider Dismissal of Untimely Habeas Corpus," filed on December 14, 2020 [Doc. 9] and Application for Certificate of Appealability, filed on December 18, 2020 [Doc. 10].

## I.  PROCEDURAL BACKGROUND

Ricky Ray Rich Jr. ("the Petitioner") is a prisoner of the State of North Carolina who was convicted of statutory rape and indecent liberties with a child on August 24, 2012 in Haywood County Superior Court. [Doc. 1 at 1]. The Petitioner was sentenced to a term of 390 months' imprisonment. Id. The Petitioner's appeal was affirmed by the North Carolina Court of Appeals

on May 9, 2013. Id. The Petitioner did not file a Petition for Discretionary Review in the North Carolina Supreme Court.

On July 3, 2019, the Petitioner filed his 28 U.S.C. § 2254 habeas petition in this Court. [Doc. 1]. The Petitioner claimed to have acquired "newly discovered evidence through due dilig[e]nce after study[ing] the indictment" and that he learned that the State did not have jurisdiction to try the Petitioner for his crimes. Id. at p. 12-13.

This Court entered an Order on October 5, 2020 directing the Petitioner to show cause why his petition should not be dismissed as untimely filed pursuant to § 2244(d)(1)(A). The Petitioner's conviction became final after the time for seeking review of the Court of Appeal's decision expired, giving the Petitioner one year in which to file his habeas petition. [Doc. 5 at 3-4]. 28 U.S.C. § 2244(d)(1)(A). However, because the petition was not filed until July 13, 2019, it was untimely. Id.

The Petitioner filed his response on October 19, 2020, claiming that he was unable to discover the grounds for his habeas petition until he read another inmate's legal material because he previously had no law library access and because his appellate counsel failed to mention the possibility of filing a petition for discretionary review. [Doc. 6 at 1-2].

This Court entered an Order on November 17, 2020 dismissing the habeas petition as untimely. [Doc. 7]. The Petitioner could have discovered the information gleaned from his indictment and another inmate's "law books" much earlier than 2019 with the exercise of due diligence. [Id. at 4-6]. The Petitioner failed to demonstrate he was in the possession of "newly discovered evidence" to justify the delay in filing his petition and could not establish that equitable tolling should apply. [Id.] The Petitioner had access to the North Carolina Prisoner Legal Services and presented no evidence that he utilized that resource or sought legal materials prior to 2019. [Id. at 6-7].

The Petitioner now seeks reconsideration of the Court's dismissal Order. [Doc. 9].

## II. STANDARD OF REVIEW

Motions for Reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59 or 60. A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "[R]ule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

Federal Rule of Civil Procedure 60(b) allows a court to enter an order providing relief from a final judgment or order under certain circumstances, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant has the burden to establish the grounds set forth in the motion and such grounds "must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992)(quoting Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966)). Relief under Rule 60(b) is an "extraordinary remedy" to be applied only in "exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979).

### III. DISCUSSION

#### A. **Motion Asking to Reconsider Dismissal of Untimely Habeas Corpus**

Neither Rule 59(e) nor Rule 60(b) affords the Petitioner with the relief he seeks in his motion. The Petitioner states that he did not have enough time in which to address the Court's previous October 5, 2020 show cause

4

order because he did not receive the Court's Order until October 12th and because the corrections facility has been on lockdown due to Covid-19 with limited notary access. [Doc. 9 at 2]. The Petitioner attaches various documents he states is evidence of his due diligence in pursuing his claims. These attachments include various items of correspondence addressing the Petitioner's request for legal assistance. [Docs. 9-2 – 9-7]. The Petitioner claims that these documents demonstrate that he was "trying to read, study and ask[ing] for help" and that equitable tolling should apply. [Doc. 9 at 9].

The Petitioner's motion fails to demonstrate any entitlement to relief under Rule 59 or Rule 60. Equitable tolling is only appropriate in those "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(en banc)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The Petitioner fails to demonstrate that equitable tolling should apply to excuse the untimeliness of his petition, which was filed approximately five years after the statute of limitations ran. The fact that the Petitioner attempted to seek legal representation for his claims does not excuse his untimely filing and does not constitute the type of extraordinary circumstances that would warrant the application of equitable tolling.

The Petitioner cannot show that reconsideration is required under Rule 59 or Rule 60 to correct any error of law contained in the court's previous dismissal Order. As such, the Petitioner is not entitled to relief.

### B. Application for Certificate of Appealability

The Petitioner files an Application for Certificate of Appealability [Doc. 10], seeking issuance of a certificate of appealability on grounds that he has demonstrated due diligence to excuse the untimeliness of his § 2254 petition. [Doc. 10].

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Rule 11(a), Rules Governing Section 2254 Cases. A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

As set forth above, the Petitioner has failed to set forth any grounds to support reconsideration of this Court's previous order dismissing his § 2254 petition as untimely. Therefore, the Petitioner is not entitled to a certificate of appealability.

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion Asking to Reconsider Dismissal of Untimely Habeas Corpus [Doc. 9] is **DENIED**.

2. The Petitioner's Application for Certificate of Appealability [Doc. 10] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 18, 2021

Martin Reidinger
Chief United States District Judge